CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/18/2025
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> RONALD E. BLACK, <br>                            *Defendant,* <br><br> and <br><br> BANKER STEEL COMPANY – ATTN. PAYROLL, ITS SUCCESSORS OR ASSIGNS, <br>                            *Garnishee.* | CASE NO. 6:08-cr-00006-002 <br><br> **MEMORANDUM OPINION** <br><br> JUDGE NORMAN K. MOON |

The Defendant, Ronald E. Black, moves *pro se* to (1) alter the "joint and several" status of his outstanding restitution and (2) modify the Final Order for Disposition of Garnished Funds to reduce the garnishment of his wages. Dkt. 169. Because the Court imposed joint and several liability for restitution among the three defendants in a final judgment issued over 15 years ago, the Court lacks authority to now amend that portion of its restitution order and apportion liability among the three defendants. Thus, the Defendant's motion is denied in part to the extent it requests such a change to the final judgment in this case.

However, the Court has discretion to adjust the Defendant's garnishment. As discussed below, this case will be referred to United States Magistrate Judge C. Kailani Memmer for a settlement conference to explore whether the parties may be able to reach an agreed-upon garnishment percentage or payment plan.

1

## I. BACKGROUND

The Defendant previously pleaded guilty to (1) conspiracy to commit mail fraud, wire fraud, bank fraud, aggravated identity theft, and access device fraud; (2) bank fraud; and (3) aggravated identify theft. Dkt. 48. Relevant to the instant motion is that in an amended judgment issued November 16, 2009, the Court imposed joint and several restitution in the total amount of $112,725.65 on the Defendant and his two co-defendants. Dkt. 94 at 5-6.

Payment records show that between 2021 and 2024, the Defendant paid $50 per week toward his restitution obligations. Dkt. 171-3. However, the Government reports that when it requested updated financial information from the Defendant in 2024 to assess his ability to pay, he "failed to comply." Dkt. 171 at 5. The Government learned from Virginia Employment Commission records that the Defendant made about $26,000 per quarter. *Id*. Accordingly, the Government represents that it "sought a payment increase from [the Defendant]," but he "refused to pay any more than the $50 per week but provided no supporting information for this insistence." *Id*. (The Defendant did not dispute this account of events in his reply brief.[1])

On September 10, 2024, the Government filed an Application for Writ of Garnishment. Dkt. 161. His employer (and the garnishee), Banker Steel, reported in its answer that the Defendant earns $1,270.42 per week after taxes. Dkt. 166 at 2. Despite receiving notice of the garnishment proceedings, *see* Dkts. 163, 165, the Defendant did not file any objections, claim any exemptions, or request a court hearing. On October 9, 2024, the Court issued a Final Order for Disposition of Garnished Funds. Dkt. 168. Under this order, 25 percent of the Defendant's

---

[1] The Defendant states that he "understand[s] the importance of transparency and timely disclosure of financial information and [he] regret[s] not providing more complete documentation earlier." Dkt. 173.

disposable earnings (i.e., wages, commission, and income, minus federal income tax, social security tax, and state and local income tax) is subject to garnishment. *Id*. at 1-2.

As of May 27, 2025, the Government reports that it has collected $55,394.51 of the restitution and that the defendants jointly and severally owe a remaining balance of $57,331.14. Dkt. 171 at 3. So far, the Defendant has paid $29,680.99 in restitution. *Id*. Co-defendants Steve Black and Dereck Dunston have paid $10,025.00 and $15,921.86, respectively. *Id*.

## II. FINALITY OF THE RESTITUTION ORDER PRECLUDES AN ADJUSTMENT OF "JOINT AND SEVERAL" LIABILITY

Although all three co-defendants are responsible for the restitution amount, the Defendant complains that he is paying more than the other two. Dkt. 169. He asks the Court to alter the "joint and several" status of the outstanding restitution by equally apportioning the remaining balance among the defendants. *Id*. The Defendant's critiques of joint and several liability are understandable, but he fails to appreciate the finality of a judgment entered *over 15 years ago*.

In rendering the November 2009 judgment, the Court acted pursuant to its authority to impose joint and several liability for restitution under the Mandatory Victims Restitution Act ("MVRA"). The MVRA provides that restitution is mandatory for certain property-related offenses, including those which were the subject of the Defendant's convictions. 18 U.S.C. § 3663A(c)(1)(A)(ii). Moreover, in multi-defendant cases, a court may hold the defendants jointly and severally liable:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

3

*Id*. at § 3664(h).

A restitution order is "part of a criminal sentence." *United States v. Grant*. 715 F.3d 552, 554 (4th Cir. 2013). A criminal sentence is subject to principles of finality, meaning that once a sentence becomes final and unappealable, it generally cannot be modified. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (noting that "[t]he law closely guards the finality of criminal sentences against judicial "change of heart." (quoting *United States v. Layman,* 116 F.3d 105, 109 (4th Cir.1997))). The Fourth Circuit has explained that "the terms of the MVRA clearly dictate that a district court cannot remit a mandatorily imposed restitution order." *United States v. Roper*, 462 F.3d 336, 339 (4th Cir. 2006). 18 U.S.C. § 3664(o) provides some limited circumstances under which a restitution order can be modified, but none of the exceptions apply to the Defendant's current request for the Court to amend the "joint and several" liability of the restitution order and apportion liability among the defendants. The Defendant also does not cite any statutory authority in support of his motion. Accordingly, the Defendant's request to apportion liability among the defendants is denied.

### III. AUTHORITY TO ADJUST GARNISHMENT AMOUNT

Although the Court lacks authority to alter the joint and several liability for restitution imposed in November 2009, it can modify the percentage of garnishment. *See* 28 U.S.C. § 3013 (provision of Federal Debt Collection Procedures Act stating that "[t]he court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."); *United States v. Porreca*, No. 3:98-cr-262-1, 2018 WL 1763524, at *2 (W.D.N.C. Apr. 12, 2018) (finding that 28 U.S.C. § 3013 "provides broad

discretion for a court to modify a writ of garnishment based on the reasonableness of the circumstances," including a defendant's financial circumstances).

The Government has represented that it is open to agreeing to a lower garnishment percentage if the Defendant presents "reasonable evidence of financial hardship." Dkt. 171 at 10 n.2. In light of this position, and the fact the Defendant now appears willing to provide relevant information,[2] the Court refers this matter to Judge Memmer for a settlement conference to address whether the parties may be able to reach an agreed-upon garnishment amount or payment plan. The portion of the Defendant's motion requesting a reduction in his garnishment will remain under advisement pending the settlement conference.

## **CONCLUSION**

The Defendant's motion, Dkt. 169, is **DENIED IN PART** to the extent that he seeks a modification of the defendants' existing joint and several liability for restitution. However, the portion of his motion requesting a reduction in his garnishment remains under advisement so that the parties may participate in a settlement conference with the magistrate judge. The Court will enter an accompanying Order on this date.

The Clerk shall send a copy of this Memorandum Opinion to the Defendant.

Entered this  18th  day of June, 2025.

---

[2] The Court acknowledges that the Defendant attached various financial documents to his reply brief. Dkt. 173-1. However, it is unclear from the record whether this information is responsive to the Government's prior requests. *See, e.g.*, Dkt. 171-4 at 1 (letter from Government counsel to Defendant, dated September 11, 2024, explaining that "[a]lthough you recently sent us some financial information, you continue to fail to provide us with the fulsome information requested.").

5

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE